UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEARBORN NATIONAL LIFE INSURANCE COMPANY, | § § § § | No. SA:15–CV–855–DAE |
| Plaintiff, | § § | |
| vs. | § § | |
| ALRED JEITANI, JAMAL YOUSSEF YAMMINE, SAM ALFRED JEITANI, and ANNA JEITANI, | § § § § § | |
| Defendants. | § | |

## ORDER AWARDING ATTORNEY'S FEES

Before the Court is the declaration of Andrew F. MacRae, filed on behalf of Plaintiff Dearborn National Life Insurance Company ("Dearborn") in support of an award of attorney's fees and costs in this interpleader action (Dkt. # 12). For the reasons stated below, the Court finds these fees are reasonable and should be deducted from the proceeds of the life insurance policy prior to payment of the funds on behalf of Sydney Jeitani.

## BACKGROUND

On October 2, 2015, Dearborn brought a Complaint in Interpleader against Defendants Alfred Jeitani, Jamal Youssef Yammine, Sam Alfred Jeitani (collectively "Guardians"), and Anna Jeitani. ("Compl.," Dkt. # 1.) On May 12, 2016, the Court adopted the Report and Recommendations of Magistrate Judge

1

John W. Primomo on Plaintiff's Motion for Default Judgment.  (Dkt. # 10.)  In the order, the Court concluded that it had jurisdiction to consider the matter.  (Id. at 4–5.)  The Court found that Sydney Jeitani, the contingent beneficiary named in the insurance policy, was entitled to receive the proceeds of the policy because the primary beneficiary, Anna Jeitani, had pled guilty to murdering the insured.  (Dkt. # 10 at 6.)  See Tex. Ins. Code §§ 1103.151 & 1103.152(a).  The Court ordered that the proceeds of the insurance policy—$100,000.00—should be paid to the registry of the Court, and directed Dearborn to apply to the registry to recover its costs in bringing this action.  (Dkt. # 10 at 7.)  The Court further ordered that the remainder of the proceeds should be paid to the Guardians, as the Temporary Joint Sole Managing Conservators for Sydney Jeitani.  (Id.)  Dearborn complied with the order, deposited the proceeds of the policy into the registry, and filed the instant affidavit with the Court to recover its costs.

## ANALYSIS

"[A]s a general rule, when an interpleader action is successful, the court often awards costs, as well as attorney's fees, to the stakeholder." Murphy v. Travelers Ins. Co., 534 F.2d 1155, 1164 (5th Cir. 1976).  "The award of attorney's fees is in the discretion of the district court, and fees are available when the interpleader is a disinterested stakeholder." Rhoades v. Casey, 196 F.3d 592, 603 (5th Cir. 1999).  The attorney seeking to recover fees should submit an affidavit

stating the number of hours expended on work necessary to the interpleader action. See id.  "Assuming that the interpleader is entitled to a fee . . . the district court first calculates the 'lodestar.'" Helt v. Sambina Properties, Ltd., No. 4:15–cv–760, 2016 WL 3198623, at *1 (E.D. Tex. June 9, 2016) (quoting Forbush v. J.C. Penney Co., 98 F.3d 817, 821 (5th Cir. 1996)).  The lodestar is calculated by "[m]ultiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work . . . ." Saizan v. Delta Concrete Products Co., Inc., 448 F.3d 795, 799 (5th Cir. 2006).

"Second, in assessing the lodestar amount, the court must consider the twelve Johnson factors before final fees can be calculated." Helt, 2016 WL 3198623 at *2 (citing Rutherford v. Harris Co., Tex., 187 F.3d 173, 192 (5th Cir. 1999); Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), overruled on other grounds, Blanchard v. Bergeron, 489 U.S. 87, 109 S. Ct. 939 (1989)).  These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstance; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional

relationship with the client; and (12) awards in similar cases. Id. at 717–19.  The Fifth Circuit maintains that courts should also consider the degree of success obtained by the attorney.  See Saizan, 448 F.3d at 799.

Dearborn, the interpleader in this action, is a disinterested party; it filed this action to determine the beneficiary under the policy, and does not dispute payment under the policy.  (Dkt. # 1.)  As a disinterested stakeholder, Dearborn is entitled to recover the reasonable costs and attorney's fees associated with bringing this interpleader action.  See Murphy, 534 F.2d at 1164.

Andrew MacRae submitted an affidavit stating that he, as counsel of record for Dearborn, spent at least fifteen reasonable and necessary hours handling this case.  ("MacRae Decl.," Dkt. # 12, ¶ 3.)  He stated that he bills at an hourly rate of $300.00 per hour, and that this is a reasonable fee for a lawyer of his expertise working on a case of this nature.  (Id.)  Mr. MacRae accordingly seeks attorney's fees in the amount of $4,500.00.  Mr. MacRae states that he was required to investigate Dearborn's claims, draft pleadings, conduct research, communicate with counsel for the Guardians, and file the Motion for Default Judgment in order to appropriately represent his client.  (Id.)  Mr. MacRae further states that has been licensed to practice law in Texas since 1992 and in the Western District since 1993.  (Id.)  The Court finds that fifteen hours is an appropriate amount of time to expend upon an interpleader action of this nature, and an hourly

rate of $300.00 is reasonable for an attorney who has been licensed to practice law for nearly fifteen years.  Accordingly, the lodestar amount is $4,500.00.

Applying the Johnson factors, the Court finds that there is no reason to adjust the lodestar.  Johnson, 488 F.2d at 717–19.  The time and labor required in this matter were adequately considered in Mr. MacRae's billing hours.  Id. at 717.  The legal questions presented in this case were not particularly difficult or novel, and did not require exceptional skill.  Id. at 718.  There is no indication that Mr. MacRae was precluded from accepting other employment during the duration of this case, or that the case or client imposed particular extenuating limitations on his time.  Id. at 718.  The fee is not considerably larger or smaller than is customary for a similar amount of work, and Mr. MacRae obtained a result that released his client from further liability.  Id. at 718–19; Saizan, 448 F.3d at 799.  Based upon these factors, the Court finds that the lodestar calculation arrives at the appropriate amount of attorney's fees to be awarded to Mr. MacRae.  See Casey, 196 F.3d at 603.

Mr. MacRae also states that Dearborn has incurred court costs in the amount of $530.00, for the filing fee and for service of summons on the Defendants.  (MacRae Decl. ¶ 4.)  The record indicates that Dearborn paid a $400.00 filing fee.  (Dkt. # 1.)  Expending $130.00 to serve summons is not

unreasonable. Accordingly, Dearborn should also be reimbursed for its court costs. <u>Murphy</u>, 534 F.2d at 1164.

CONCLUSION

For the reasons stated above, the Court finds that Dearborn is entitled to be paid $5,030.00 from the registry of the Court, as reimbursement for the reasonable costs and attorney's fees associated with bringing this interpleader action. The Guardians, as the Temporary Joint Sole Managing Conservators for Sydney Jeitani, may now apply to the registry of the Court for $94,970.00, the funds remaining after the payment of costs and attorney's fees to Dearborn. Finding there are no further matters to address in this interpleader action, the Court **DISMISSES** the action, subject to its continuing jurisdiction to disburse payment of funds on behalf of Sydney Jeitani.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, June 22, 2016.

_____
David Alan Ezra
Senior United States Distict Judge